IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHAD HATTEN ) | |
|     Plaintiff ) | |
| ) | |
| vs. ) | C.A.No. 08-89 Erie |
| ) | |
| BRIAN BARNER ) | Magistrate Judge Baxter |
|     Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I    RECOMMENDATION**

It is respectfully recommended that the instant civil rights action be dismissed due to plaintiff's failure to prosecute.

**II    REPORT**

Plaintiff, a federal inmate acting pro se, filed this civil rights action on March 28, 2008. By Order of this Court dated March 31, 2008, Plaintiff was directed to either pay the full filing fee of $350.00 or file a motion for leave to proceed in forma pauperis, along with a certified copy of his institutional account statement. Plaintiff was directed to comply before April 15, 2008. That order warned that Plaintiff's failure to comply would result in the dismissal of this action for failure to prosecute.

By Report and Recommendation issued April 22, 2008, this Court recommended that this case be dismissed due to Plaintiff's failure to prosecute. Document # 3. Thereafter, Plaintiff requested an extension of time in which to file the motion for in forma pauperis status. Document # 4. This Court granted that motion ordering that Plaintiff could file the motion before May 20, 2008, and withdrew the Report and Recommendation.

To date, despite the extension of time, Plaintiff has not filed his motion for in forma pauperis status and this case cannot proceed.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. <u>Poulis</u>

1

v. State Farm Fire and Casualty Correctional Officer., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. Further, Plaintiff has ignored orders by this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

**III    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: September 3, 2008